# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8292 | **DATE** | 6/16/2004 |
| **CASE TITLE** | Weber vs. Keller, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, motion [#11] of defendants Lake County Sheriff Department and County of Lake is denied. Defendants Lake County Sheriff Department and County of Lake are directed to answer the remaining portions of the amended complaint within 14 days of entry of this order. Status hearing is set for 7/15/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 18 2004 | |
| | Notified counsel by telephone. | | date docketed | 15 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 2004 JUN 17 AM 11:03 | 6/16/2004 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA WEBER, ) | **DOCKETED** |
| ) | |
| Plaintiff, ) | JUN 1 8 2004 |
| ) | |
| vs. ) | No. 03 C 8292 |
| ) | Judge Joan H. Lefkow |
| MICHAEL KELLER and the LAKE COUNTY ) | |
| SHERIFF DEPARTMENT and the COUNTY ) | |
| OF LAKE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Cynthia Weber ("Weber"), has filed a five-count Amended Complaint against defendants, deputy sheriff Michael Keller ("Keller"), the Lake County Sheriff Department ("Sheriff") and the County of Lake ("County"). In Count I, Weber brings forth a state law claim against Keller for malicious prosecution. In Counts II and III, she alleges Fourth Amendment violations against Keller pursuant to 42 U.S.C. § 1983. In Count IV, she alleges a state law claim against both the Sheriff and County under a *respondeat superior* theory. Finally, Count V is a state law claim against the Sheriff and County for indemnification under 745 ILCS 10/9-102. Before the court is the Sheriff's and County's motion under Rule 12(b)(6), Fed. R. Civ. P., to dismiss Counts IV and V. This court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1343(a) and 1367. For the reasons set forth below, the motion is denied.

### MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted.

*General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in support of its claim that would entitle it to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

## ALLEGATIONS OF THE COMPLAINT

According to Weber's Amended Complaint, which is taken as true for purposes of this motion, on or about December 9, 2001, Weber was arrested by Keller at her home. Pursuant to the arrest, Keller drafted police reports containing misrepresentations and false and misleading information. Weber alleges that this information was designed to ensure that she would be incarcerated. Based on Keller's reports, Weber was charged with (1) endangering the life of a child, (2) resisting a peace officer, (3) battery, and (4) assault. Weber contends that the charges were derived from a factual scenario lacking in either probable cause or reasonable suspicion and that Keller did not have a lawful justification for arresting her.

Additionally, Weber alleges that Keller used excessive, unreasonable and unnecessary force during her arrest. This arrest is alleged to have caused Weber serious and permanent personal injury, pain, suffering and mental anguish. Weber alleges that Keller's conduct was deliberate with reckless indifference to her rights. Weber further alleges that Keller's actions proximately caused her to be incarcerated and sent to a mental institution.

Weber was tried and acquitted of the four charges listed above. In securing this acquittal, she hired an attorney and was required to pay out attorneys' fees.

## DISCUSSION

Count IV of Weber's Complaint is a state law *respondeat superior* claim against the Sheriff and County. Count IV relates back to Weber's state law malicious prosecution claim alleged in Count I. For the doctrine of *respondeat superior* to apply, there must be an employer/employee relationship. *See Palmer* v. *Miller*, 380 Ill. 256, 259-60, 43 N.E. 2d 973, 975 (1942). A deputy sheriff is an employee of the sheriff, who is authorized by statute to appoint and hire deputies. 55 ILCS 5/3-6008; *Carver* v. *Sheriff of LaSalle County*, 203 Ill. 2d 497, 513, 787 N.E. 2d 127, 137 (2003). The County moves to be dismissed from this Count on grounds that it is not Keller's employer.

In response, Weber argues that a deputy sheriff is an employee of the County. Weber apparently means to suggest that since a sheriff hires a deputy, and since a sheriff's office is funded by the county board, the County must be the principal of both the Sheriff and his deputies. Weber's analysis is flawed in two respects. First, as a general matter, "the source of funds need not coincide with the identity of the employer." *Carver* v. *Sheriff of LaSalle County*, 243 F.3d 379, 382 (7th Cir. 2001). Moreover, Weber's argument runs contrary to the Illinois Supreme Court's decision in *Moy* v. *County of Cook*, 159 Ill. 2d 519, 640 N.E. 2d 926 (1994). In *Moy*, the court addressed the issue of whether Cook County "may be held vicariously liable under the doctrine of *respondeat superior* for the alleged negligent conduct of the Cook County sheriff." *Id.* at 521, 640 N.E. 2d at 926. In answering no, the Court explained that the sheriff is "a county officer and, as such, is not in an employment relationship with the County of Cook." *Id.* at 532,

3

640 N.E. 2d at 931. Given that a sheriff is not in an employment relationship with a county, and given that sheriffs are empowered to appoint and hire deputies, the court rejects Weber's contention that the County is the employer of Keller.

Nonetheless, while no employment relationship may exist, this does not mean that the County should be dismissed. In *Carver v. Sheriff of LaSalle County*, 243 F.3d 379 (7th Cir. 2001), the Seventh Circuit certified to the Illinois Supreme Court the following question: "whether, and if so when, Illinois law requires counties to pay judgments entered against a sheriff's office in an official capacity." *Id.* at 386. The Illinois Supreme Court ruled that "[b]ecause the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity." 203 Ill. 2d at 498, 787 N.E. 2d at 129. As a corollary of the Illinois Supreme Court's decision, after the certification question was answered, the Seventh Circuit noted that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity." *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003). Since in this case the Sheriff may be liable under a theory of *respondeat superior* and because the County would be required to pay if Weber succeeds in her law suit, the court will not dismiss the County from this action. The County's interest "rises and falls" with that of the Sheriff. *See Toma v. County of Kane*, No. 01 C 7205, 2004 WL 1093497, at *1 n.1 (N.D. Ill. May 3, 2004); *Cobbs v. Sheahan*, No. 03 C 3841, 2003 WL 22514523, at *1 (N.D. Ill. Nov. 3, 2003) ("Because state law requires the county to pay if a plaintiff is successful in such a suit, the county must be named as a defendant so that it may veto potential settlements proposed at its expense.").

4

The Sheriff and County also move to dismiss the Count V claim for indemnification under 745 ILCS 10/9-102. That statute provides that a local public entity is "directed to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of his employment is liable." The Sheriff and County argue that this claim for indemnification does not arise until a judgment has been entered against one of its employees.[1]

This argument, however, runs directly contrary to the Seventh Circuit's decision in *Wilson* v. *City of Chicago*, 120 F.3d 681 (7th Cir. 1997). In *Wilson*, the court noted that while the statute only "comes into play" when a judgment is formally entered against an employee, "[i]t does not follow that [plaintiff] could not proceed under section 9-102 until the judgment against [the employee] became final." *Id.* at 685. The court noted that a plaintiff "in order to expedite the collection of a judgment, could ask the court to enter a judgment against [a local public entity] that would take effect when and if a judgment against [the employee] was entered and no longer contestable." *Id.*

After *Wilson*, judges in this district have routinely allowed plaintiffs to bring indemnification claims under § 9-102 against municipalities in their complaints against employees. *See, e.g., Jamison* v. *Luster*, No. 03 C 1304, 2003 WL 23139348, at *2 (N.D. Ill. December 22, 2003); *Carroccia* v. *Anderson*, 249 F. Supp. 2d 1016, 1028-29 (N.D. Ill. 2003); *Tibbs* v. *City of Chicago*, No. 02 C 2970, 2003 WL 288946, at *2 (N.D. Ill. Feb. 10, 2003) (citing *Savin* v. *Robinson*, No. 01 C 4121, 2001 WL 1191192 (N.D. Ill. 2001); *Burton* v. *Sheahan*, 2001 WL 111028 (N.D. Ill. 2001); *Anton* v. *Sheriff of DuPage County*, 47 F. Supp. 2d 993 (N.D. Ill.

---

[1] Plaintiff agrees that she is not entitled to seek punitive damages and attorney's fees under § 9-102 and states that she never sought such relief to begin with.

5

1999)); *Cortez* v. *Defendant Deputy Sheriffs*, No. 99 C 2397, 1999 WL 569542, at *2 (N.D. Ill. July 28, 1999). Although two cases in this district have dismissed § 9-102 claims brought before judgment as premature, *see Atlas* v. *City of North Chicago*, No. 03 C 4814, 2004 WL 816456, at *8-9 (N.D. Ill. March 12, 2004); *Concealed Carry Inc.* v. *City of Chicago*, No. 02 C 7088, 2003 WL 22283948, at *9 (N.D. Ill. Sept. 30, 2003), neither case distinguishes nor even mentions *Wilson*. This court declines to follow these decisions. The motion to dismiss the Count V claim is denied.

## CONCLUSION

For the reasons stated above, the Sheriff and County's motion to dismiss is denied [#11]. The Sheriff and County are directed to answer the remaining portions of Weber's Amended Complaint within 14 days of entry of this order. This case will be called for a status on July 15, 2004 at 9:30 a.m.

ENTER: *[signature]*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: June 16, 2004